ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 22 2024
at __4__ o'clock and __10__ min __P__ M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of<br><br>JOHN M. SCHUM,<br><br>　　　　Respondent. | CIV. NO. 23-00189 JMS-WRP<br><br>ORDER TO SHOW CAUSE |

On September 20, 2023, this Court entered an "Order of Suspension From the Practice of Law" with respect to Respondent John M. Schum. Dkt. No. 17. Therein, the Court ordered that "Schum: (1) is suspended from the practice of law in this court for one year, with the one-year suspension held in abeyance pending completion of a one-year probationary period effective as of September 13, 2023; and (2) shall serve an actual 60-day suspension from the practice of law in this court, effective October 13, 2023."

The Court now issues an Order to Show Cause ("OSC") why additional discipline should not be imposed, as described below, based on the following facts, as presently understood by the Court.

Schum represented Dennis Kuniyuki Mitsunaga in a criminal proceeding in this Court, *United States v. Kaneshiro, et al.*, Cr. No. 22-00048 TMB-NC. In that case, at Dkt. No. 44, the parties entered into and filed a Joint Motion for Protective Order Re: Discovery ("Joint Motion") on July 5, 2022. The Joint Motion

authorized the United States to disclose grand jury material, including grand jury transcripts, to defense counsel. The Joint Motion also placed specific restrictions on the further dissemination of grand jury material by defense counsel:

> 4. The defense [defined as each defendant and defense counsel] may not distribute, disseminate, disclose, or exhibit discovery [defined to include grand jury testimony] materials to any person who is not a part of the defense, except as further set forth herein.
>
> * * * *
>
> 6. The defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery material produced in this case from disclosure to or review by any third party.
>
> * * * *
>
> 8. The defense may show witnesses discovery materials as necessary for the preparation of the defense, but may not give copies of the materials to witnesses absent further Order of the Court.
>
> * * * *
>
> 13. Each counsel of record shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms.

Schum signed the Joint Motion as "Attorney for Defendant Mitsunaga," Dkt. No. 44 at PageID.115, and Magistrate Judge Wes Reber Porter entered the Protective Order approving the Joint Motion on July 6, 2022. Dkt. No. 47.

During the *Kaneshiro* trial, it came to light that Schum disseminated grand jury transcripts to various individuals in violation of the Protective Order and during his one-year probationary period. Although the full scope of the dissemination is not known to the Court, it appears that Schum disseminated, without Court authorization, grand jury transcripts (either directly or through counsel) to Chris Ball, Kenneth Santana, Carol Nakamura, and Glenn Okino. There may be others.

Given this background, and as prescribed by LR83.4(a), Schum is ordered to show cause why his probationary period should not be revoked and a new probationary period imposed, and why he should not be disciplined by this Court, to include possible suspension from the practice of law in this Court for a further period of time and/or disbarment. A response to this Order shall be filed no later than August 5, 2024.

DATED: July 22, 2024 at Honolulu, Hawaii.

_____
DERRICK K. WATSON
CHIEF UNITED STATES DISTRICT JUDGE

---

In the Matter of John M. Schum; Civ No. 23-00189 JMS-WRP; ORDER TO SHOW CAUSE

3